ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 29 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:10-cv-1291 |
| v. | : | -ODE |
| | : | |
| PARSONS CORPORATION, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to Joe Scott ("Scott") who was adversely affected by such practices. The Commission alleges that Parsons Corporation (the "Defendant" or "Parsons"), wrongfully terminated Joe Scott in retaliation for reporting racially offensive comments and complaining that he was being subjected to different terms and conditions of employment than his white counterparts. Joe Scott registered a racial discrimination complaint with Parsons' Human Resources Department on or about July 10, 2007, and Parsons subsequently demoted him. Joe

1

Scott filed a second compliant about racially offensive comments with Human Resources on or about September 6, 2007, and three (3) weeks later he was placed on "casual status," making him an on-call employee, and effectively terminated his employment with Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1)and (3).

4. At all relevant times, Defendant Parsons Corporation, has continuously been a foreign corporation doing business in the State of Georgia and the city of Norcross, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Joe Scott filed his charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least May 2007, Defendant engaged in unlawful employment practices at its Norcross, Georgia location, in violation of Sections 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by:

   (a) demoting Scott because he opposed discriminatory conduct in the workplace; and

   (b) discharging Scott from his employment with Defendant because he opposed discriminatory conduct in the workplace.

8. Joe Scott began working for Defendant as a Field Team Leader in August 2006 to conduct field reconnaissance and environmental sampling.

9. In May 2007, Scott was leading a field expedition in Arizona where he had conflicts with two white subordinates.

10. Both Scott and his subordinates made complaints to the Program Manager, Don Silkebakken ("Silkebakken"), about problems during the expedition which resulted in an investigation by Defendant.

11. On July 10, 2007, Silkebakken met with Scott and issued a written disciplinary action to Scott based on the statements of his white subordinates on the May 2007 expedition and comments by other white coworkers who worked with Scott on other projects.

12. During the meeting of July 10, 2007, Scott told Silkebakken that the statements made by his subordinates and coworkers were untrue and attempted to communicate his version of events, but Silkebakken refused to allow Scott to provide any clarification regarding the incident.

13. During the meeting on July 10, 2007, Scott told Silkebakken that his refusal to allow him to provide his side of the story was racially motivated.

14. On July 10, 2007, Scott filed a complaint of discrimination with Parsons' Manager of Employee Relations, Suzanne Ferguson, regarding Silkebakken's decision to discipline him.

15. Scott never returned to his position as Field Team Leader after the meeting on July 10, 2007, instead, Scott was demoted to a Sampler position on the field team.

16. While working as a Sampler on a field expedition in New Mexico in September 2007, Scott was subjected to racial comments by two white coworkers on assignment with him.

17. On September 7, 2007, Scott made a complaint of discrimination with his supervisor, Silkebakken, regarding the racial comments made by the two white coworkers on the New Mexico expedition.

18. On October 1, 2007, Parsons converted Scott's employment status from full-time regular to casual status effective October 8, 2007.

19. To date, Scott has not been contacted by Parsons to return to work.

20. On December 3, 2007, Parsons hired Patrick Bussenius as a Sampler on the field team, the position Scott held before his termination.

21. Scott was demoted and terminated for engaging in protected activity under Title VII.

22. The effects of the practices complained of in paragraph 7 above have been to deprive Joe Scott of equal employment opportunities and, otherwise, adverse affect his status as an employee, because he engaged in protected activity.

23. The unlawful employment practices complained of in paragraph 7 above were intentional.

24. The unlawful employment practices complained of in paragraph 7 above were carried out with malice and/or reckless indifference to the federally protected rights of Joe Scott.

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices that discriminate on the basis of involvement in activity protected by Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who engage in activity protected by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Joe Scott, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other

affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Joe Scott and/or front pay.

D.  Order Defendant to make whole Joe Scott by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, job search expenses resulting from the retaliation, in amounts to be determined at trial.

E.  Order Defendant to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

F.  Order Defendant to make whole Joe Scott by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined by a jury at trial.

G.  Order Defendant to pay to Joe Scott punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined by a jury at trial.

H.    Grant such further relief as the Court deems necessary and proper in the public interest.

I.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

4/29/2010
Date

Robert Dawkins
Regional Attorney
Georgia Bar No.: 076206

Chandra Davis
Trial Attorney
Georgia Bar No.: 141801

Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303